UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN ANTONIO MARTINEZ (A-208-165-222),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX, et al,

Respondents.

No.  1:26-cv-2998 DAD CSK

ORDER AND FINDINGS & RECOMMENDATIONS

Petitioner, an immigration detainee proceeding without counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, and a request for the appointment of counsel.  As discussed below, this Court denies petitioner's motion for appointment of counsel, and recommends that his habeas petition be denied for failure to exhaust administrative remedies.

## I.    FACTUAL BACKGROUND

Petitioner is a citizen and native of El Salvador.  (ECF No. 1 at 5.)  In 2014, petitioner entered the United States without inspection, was detained by U.S. Customs and Border Protection, and released a few days later.  (Id.)  On August 16, 2016, petitioner was granted asylum.  (ECF No. 10-1 at 3 (Form I-213).)  Since then, petitioner has been convicted of multiple crimes, including theft, burglary, assault, and robbery.  (Id.; ECF No. 10-2.)

On February 25, 2026, petitioner was taken into immigration custody from the Valley

1

State Prison in Chowchilla, California.  (ECF Nos. 1 at 5, 10-1 at 2.)  Petitioner was not provided a pre-detention hearing.  (ECF No. 1 at 5, 6.)  Petitioner has been in continuous detention since February 25, 2026.  (Id. at 11.)  Respondents do not contest petitioner's factual allegations.  (See ECF No. 10.)

## II.   PROCEDURAL BACKGROUND

On April 21, 2026, petitioner filed the petition for writ of habeas corpus, a motion for temporary restraining order, and a motion for appointment of counsel.  (ECF No. 1, 3, 4.)  On April 26, 2026, respondents timely filed an opposition to the motion for temporary restraining order, and an answer to the petition.  (ECF No. 10.)  On April 29, 2026, the district court denied the motion for temporary restraining order and referred the habeas petition to the undersigned.  (ECF No. 11.)  On May 4, 2026, this Court granted petitioner ten days to file a reply to respondent's answer to the habeas petition.  (ECF No. 12.)  Petitioner did not file a reply.  (See Docket.)  Briefing is now complete.

## III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.   DISCUSSION

Petitioner raises a Fifth Amendment due process claim for prolonged detention that exceeds six months.  (See ECF No. 1 at 16-17.)  It is undisputed that petitioner has not been

detained for more than six months.  Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his re-detention, and not as a claim limited to challenging his detention as prolonged.  Respondents contend that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1) because his post-2016 convictions render him inadmissible and removable.  (ECF No. 10 at 2, 4.)  Respondents further argue that this Court should find that because petitioner failed to seek a Joseph hearing in immigration court, petitioner failed to exhaust his administrative remedies and the petition should be dismissed.  (Id. at 4-5 (citing Matter of Joseph, 22 I & N Dec. 799 (BIA 1999)).)

Section 1226(c)(1)(E) mandates detention of any noncitizen who meets two requirements: (i) the noncitizen is inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), 1182(a)(6)(C), or 1182(a)(7); and (ii) the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person."  8 U.S.C. § 1226(c)(1)(E).  This Court agrees with respondent that petitioner has been detained and put in removal proceedings based on his criminal record, and is therefore subject to mandatory detention under 8 U.S.C. § 1226(c).

Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004).  However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Because exhaustion is not required by statute, it is not jurisdictional.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  Id.  "Courts may require prudential exhaustion if (1) agency expertise makes agency

3

consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies. See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending). At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision. Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). Petitioner has provided no argument as to why exhaustion should be excused under the circumstances of his case. Therefore, this Court finds that the exhaustion of the petition should be denied without prejudice based on petitioner's failure to exhaust administrative remedies.

///

///

4

**V.      MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel.  (ECF No. 4.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI.     CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 4) is DENIED.

Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be DISMISSED WITHOUT PREJUDICE based on petitioner's failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 19, 2026

/1/mart2998.FTE.2241.imm

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE